220 So.2d 640 (1969)
Lena GOTTESMAN, Appellant,
v.
Alfred GOTTESMAN, Appellee.
No. 68-567.
District Court of Appeal of Florida. Third District.
March 25, 1969.
*642 Howard N. Pelzner, Miami, for appellant.
Horton & Schwartz, Theodore Epstein, Miami, for appellee.
Before CHARLES CARROLL, C.J., and HENDRY and SWANN, JJ.
CHARLES CARROLL, Chief Judge.
The appellant obtained a decree of divorce from the appellee on May 11, 1950. Sixteen years later, in April of 1966, he petitioned for reduction of alimony payments. The wife responded with a petition to enforce payment of arrears. In September of 1966, a judgment was entered in her favor for alimony arrears in the amount of $43,216, with execution thereon authorized. At that time the court also reduced the alimony to $500 per month, from the $866 per month which the initial award of $10,400 per year had imposed. The husband appealed, and this court affirmed. 202 So.2d 775.
Approximately a year and a half later the wife petitioned for a rule to show cause, alleging arrears of alimony occurring subsequent to the time of the earlier judgment for arrears. A rule to show cause was issued, and after hearing thereon the trial court entered an order finding that the husband was further in arrears of alimony, as of May 1, 1968, in the amount of $9,500. Judgment was not entered on the arrears. See 10 Fla.Jur., Divorce, § 223. In a separate provision the order specified that execution on the amount found to be in arrears would not be authorized until further order of the court. The order denied the wife's application for interest on the arrears and for attorney fees, and it was ordered that the husband should continue making alimony payments in the previously fixed amount of $500 per month. The wife then took this appeal from that order.
Appellant contends the court erred in withholding execution on the amount of alimony found to be in arrears. As held on the earlier appeal in this case, the unpaid alimony constituted a vested right not subject to modification, and it is noted that in the order appealed from, the trial court did not modify the alimony arrears, or permanently deny enforcement thereof.
The proceedings in the trial court at the hearing on the rule to show cause were not transcribed and are not disclosed in the record. Therefore, we must assume that the trial judge, as he was entitled, found there were equitable considerations which justified and prompted withholding present enforcement of the arrears in alimony, by judgment and execution thereon, or otherwise.
The enforcement of the payment of arrears of alimony which have not been reduced to judgment is a matter resting in the discretion of the court, to be determined on equitable considerations, including the husband's financial status. From the disclosures in the earlier decision in this case, it appears that the husband is approximately 80 years of age, and that his financial status has been deteriorating for a number of years. The trial court was aware that approximately two years previously the wife had received a judgment against the husband for more than $43,000 and that execution thereon had been authorized, and of the continuing obligation of the husband to pay alimony at the rate of $500 per month. Therefore, in the absence of a record demonstrating a requirement to the contrary, we find no basis to disturb the ruling of the trial court on this question.
*643 We find no error in the refusal of the trial court to allow interest on the alimony arrears. There is no showing that the decree awarding the alimony provided for defaulted installments to bear interest from their respective due dates. A judgment, had one been entered on the amount of alimony arrears, would have borne interest as provided by law from the date of the entry thereof.
We reverse the provision of the order which denied the wife's application for attorney fees. In Witlin v. Witlin, Fla. App. 1968, 206 So.2d 275, 276, this court affirmed a denial of attorney fees to an ex-wife in a proceeding subsequent to divorce decree in which she opposed an ex-husband's petition for reduction of child support. In so ruling in the Witlin case we said: "On reading the transcript of the proceedings before the trial court on the appellee's petition, we are not persuaded that the trial judge abused his discretion * * * in denial of the wife's application for the attorney fees. Under § 65.16 Fla. Stat., F.S.A., allowance to the ex-wife of attorney fees in such matters is placed in the `sound judicial discretion' of the court."
Subsequently the wording of the statute was changed. It now appears as § 61.15 Fla. Stat., F.S.A. In the form in which the statute was amended by Ch. 67-254 Laws of Florida 1967, the phrase "sound judicial discretion" has been eliminated, and as now worded the provision for allowance of an attorney's fee to the ex-wife in such a proceeding reads: "The court may allow to the divorced wife such sums of suit money, including a reasonable attorney's fee, as from the circumstances of the parties and nature of the case are equitable."
While the present wording is not materially different in import, significance must be accorded to the exclusion of the phrase "sound judicial discretion." It should be noted that prior to the enactment of these statutes, authorizing the allowance of an attorney's fee to an ex-wife in a proceeding "for the purpose of enforcing a judgment or order for the payment of alimony or support for children," an ex-wife was unable to obtain such allowance because termination of the marital status ended the ex-husband's legal obligation in that regard. See Chiapetta v. Jordan, 153 Fla. 788, 16 So.2d 641, 642; Carson v. Oldfield, 99 Fla. 862, 127 So. 851; Vinson v. Vinson, 139 Fla. 146, 190 So. 454.
Legislation authorizing an ex-husband to be charged for such fees clearly was enacted in the interest of the public policy that ex-wives and children dependent upon an ex-husband for support should not become public charges, as well they might if an ex-wife, unable to finance court proceedings for enforcement of such support orders, should thereby be hindered or precluded from obtaining needed support for herself or her children, which an ex-husband had failed to pay although previously so ordered, and from maintaining proceedings to compel future compliance with support orders.
The wording of the statute does not make allowance to the ex-wife of suit money including an attorney's fee mandatory, nor do we hold that it does so. However, it is apparent that the objective intent of the legislation is that when an ex-wife is represented by counsel in a proceeding for enforcement of a judgment or order for payment of alimony or child support, or in resisting an application of an ex-husband to terminate or reduce such support, she should be allowed suit money and a reasonable attorney's fee in such amount as "from the circumstances of the parties and the nature of the case are equitable." Therefore, we hold that in such instance the ex-wife should not be denied an allowance for attorney's fee except for sufficient circumstances or equitable considerations which are found and recited or otherwise made to appear in the order of the court.
Accordingly, the order appealed from is affirmed in part and reversed in part and the cause is remanded to the circuit court for reconsideration of the application of *644 the plaintiff for an attorney's fee in light of the foregoing.
Affirmed in part and reversed in part and remanded.
SWANN, Judge (dissenting).
I dissent only from that portion of the opinion which holds that "in such instance the ex-wife should not be denied an allowance for attorneys' fees except for sufficient circumstances or equitable considerations which are found and recited or otherwise made to appear in the order of the court." [Emphasis added]
In this cause, the ex-wife was the only party seeking affirmative relief. The ex-husband did not seek any affirmative relief to eliminate or reduce the alimony payments which he was required to pay to the ex-wife by court order.
Under these circumstances, if we assume, in the absence in the record on appeal of a transcript of the testimony and evidence, that the trial judge properly found equitable considerations which justified withholding the present enforcement of the arrearage due for alimony, we must also assume that he properly found sufficient, equitable considerations to justify the denial of a fee to the attorneys for the ex-wife.
To require the trial judge who denies attorneys' fees to an ex-wife in such circumstances, to recite in his order the equitable circumstances and considerations upon which he bases the denial of attorneys' fees amounts to a change in substance and procedure, in my opinion. It shifts the burden from the attorney for the ex-wife to provide the appellate court with a sufficient record to demonstrate reversible error on appeal and transfers it to the trial judge, who must now affirmatively recite in the order denying attorneys' fees, sufficient circumstances or equitable considerations to support the denial of the fees to the attorneys for the ex-wife.
I, therefore, respectfully dissent.