396 So.2d 1156 (1981)
In re the Marriage of Luz Joson PANGANIBAN, Appellant,
v.
Leo PANGANIBAN, Appellee.
No. 80-1360.
District Court of Appeal of Florida, Second District.
March 25, 1981.
Rehearing Denied April 21, 1981.
*1157 Wayne O. Smith of Wallace, Smith & Finck, P.A., St. Petersburg, for appellant.
James E. Deakyne, Jr., St. Petersburg, for appellee.
RYDER, Judge.
Luz Panganiban appeals the order denying her motion for contempt for failure to pay child support, alleging that the court had no authority to therein declare child support arrearages to be null and void. We affirm.
The final judgment of dissolution below provided for the payment of child support in the amount of $25.00 per week per child for four children. Appellee paid $400.00 per month thereafter as child support. In November 1979, two years after final judgment, appellant moved for an order of contempt, alleging an arrearage of $300.00. The trial court found an arrearage of $150.00 and ordered appellee on January 30, 1980 to pay that amount in addition to regular support payments.
In February of 1980, appellant moved for an order correcting the prior order, alleging that it did not take into account that there are 4 1/3 weeks in a month rather than four. Appellant requested an award of $990.00, representing a shortage for the entire period since final judgment. The court denied the motion for contempt, found the lower payments to be a mistake to which appellant waived any remedy by acquiescence, and nullified the arrearage.
Child support is normally the vested right of the child which the court has no power to modify when past due. Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938); Petrucci v. Petrucci, 252 So.2d 867 (Fla.3d DCA 1971). The court may refuse to hold a party in contempt for failure to pay an arrearage, but may entirely refuse to enforce payment of past due child support only under certain exceptions. See Smithwick v. Smithwick, 343 So.2d 945 (Fla.3d DCA 1977). Those exceptions are in the nature of laches, estoppel, waiver, reprehensible conduct upon the part of the parent having custody or other strong equitable reasons. See Teta v. Teta, 297 So.2d 642 (Fla.1st DCA 1974); Brown v. Brown, 108 So.2d 492 (Fla.2d DCA 1959).
The classic example of this power to refuse to enforce accrued child support is when the custodial parent has refused to comply with the visitation provisions of the court order. See Warrick v. Hender, 198 So.2d 348 (Fla.4th DCA 1967); Denton v. Denton, 147 So.2d 545 (Fla.2d DCA 1962). While appellant's conduct does not approach the reprehensible nature of refusal of visitation, we hold that the trial court acted within its discretion in finding a waiver of the past due payments. Appellant previously moved for contempt, alleging an amount due, and made no suggestion of the arrearage now claimed. The acceptance of a lower payment over a period of years without complaint adds further support to the trial court's finding of a waiver of the amount in dispute. We thus hold that no error appears in the order below.
AFFIRMED.
SCHEB, C.J., and CAMPBELL, J., concur.