494 So.2d 285 (1986)
Geraldine R. BROCK, Formerly Known As Geraldine R. Hudson, Appellant,
v.
William H. HUDSON, Appellee.
No. BH-103.
District Court of Appeal of Florida, First District.
September 18, 1986.
David A. Bartholf, Jacksonville, for appellant.
Robert I. Goodstein, Green Cove Springs, for appellee.
NIMMONS, Judge.
Appellant, the former wife, appeals from an order of the trial court relieving appellee, the former husband, of certain child support arrearages. We reverse.
Appellant filed a "Motion for Determining Arrearages And For Continuing Writ of Garnishment." A hearing was held in October, 1984 and continued to a later date. Appellant testified that she had not received regular child support payments for the last four years, nor had appellee exercised visitation for that period. She received a letter in August of 1984 from appellee's attorney wanting to clarify visitation and child custody obligations. Although she had received some payments over the last four years, they were substantially less than required by the court's last order. The most recent previous hearing had been four years earlier.
At the continuation of the hearing, appellant introduced records showing $5237.20 in arrearages. Appellee testified that he and appellant had an agreement whereby he would not visit the child and, in return, he would not have to pay child support. He testified that when he went to pick up the child in 1981, appellant told him she did not want the money, that she did not need the money and that he should not come around. He sent $40 per month until the subject hearing. His understanding was that he would not come around and that *286 she would not seek support. Appellee further testified that in 1977, the court approved an agreement between the parties whereby appellee relinquished his visitation rights in return for the elimination of the child support requirements. Subsequently, by order of the court in 1978, the child support obligations and visitation rights were reinstated.
Appellant denied any agreement to forego child support other than the one which was the subject of the above referred 1977 order. She testified that between 1981 and the beginning of 1983 her present husband was suffering from a terminal illness and she did not have time to initiate proceedings against appellee to enforce her child support rights. She testified that appellee had been seeing the son again since August 1984.
In its order on appellant's subject motion, the court found that appellant was entitled to arrearages for most of the period but that "the husband is entitled to the defense of acquiescence from January 1983, thru September 1984, (a period where the Wife accepted $40.00 per month child support and had the ability to seek enforcement of the child support order of June 20, 1980, but did not do so)." The requested continuing writ of garnishment was denied although an income deduction was authorized through the domestic relations depository pursuant to Section 61.181, Florida Statutes (1984 Supp.).
Appellant argues that the trial court erred in reducing the child support arrearages as they were already vested and could not be retroactively modified. In the alternative, she argues that the evidence was insufficient to establish waiver by acquiescence. We disagree with her first point, but agree with her second.
The general rule has been stated as follows:
The right of a wife to payment of alimony and child support in arrears is vested. While it is within the discretion of the court to refrain from holding the husband in contempt for nonpayment, the wife is entitled to enforcement of the payments by legal process and by such equitable remedies as the trial court may determine to be appropriate or necessary. Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3rd DCA 1977); Feder v. Feder, 291 So.2d 641 (Fla. 3rd DCA 1974).
Smalbein v. Smalbein, 487 So.2d 421, 424 (Fla. 5th DCA 1986). Appellant asserts that this statement of law requires the trial court to issue legal process where arrearages are proven regardless of the circumstances. We disagree with that assertion because it is well established that, under certain compelling or extraordinary circumstances, the trial court may be justified in refusing to enforce the payment of past due installments against a defaulting spouse. Teta v. Teta, 297 So.2d 642 (Fla. 1st DCA 1974); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). As stated by our Supreme Court in Pottinger v. Pottinger, 133 Fla. 442, 182 So. 762 (1938):
[B]y virtue of the general power of a court to control its own processes the court may, for strong equitable reasons, growing out of radically changed circumstances, refuse to enforce its decree by issuance of execution or by contempt or ne exeat proceedings against a party in default.
Id. at 763. See also Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2nd DCA 1981); Fox v. Haislett, 388 So.2d 1261 (Fla. 2nd DCA 1980). It is therefore clear that under certain compelling or extraordinary circumstances, the court may refuse to enforce a party's remedies at law for the enforcement and collection of arrearages.
Distilled from the above authorities, we restate the applicable legal principles. The right of the former wife to arrearages of alimony and child support is vested. While it is within the discretion of the trial court to refrain from holding the former husband in contempt for failure to pay such arrearages, the former wife is entitled to enforcement of the payments by legal process and by such equitable remedies as the trial court may determine to be *287 appropriate or necessary except under certain compelling or extraordinary circumstances which would justify the court's withholding such legal process or equitable remedies.[1]
Extraordinary circumstances are demonstrable under theories such as acquiescence, laches and estoppel.[2] We do not here determine what circumstances are sufficient to prove each of these theories. We do, however, hold, contrary to the trial court's finding, that the facts presented were not sufficient to establish appellee's theory of acquiescence.
Appellee bases his theory of acquiescence on two circumstances: first, an alleged agreement between the parties whereby appellant waived her right to child support in exchange for appellee's foregoing his visitation rights; and, second, the appellant's failure to prosecute her claim for a period of four years. We find that the facts presented in the instant case were insufficient to establish the kind of extraordinary circumstances necessary to entitle the appellee to relief from child support arrearages. As to the agreement theory, we note first that such an agreement was alleged to have been made in 1981. The trial court found that the appellant's acquiescence was from January 1983, to September, 1984. Thus, the trial court implicitly found that the parties did not have such an agreement, a conclusion which is supported in the record by competent substantial evidence. The relief granted, to be affirmed, must therefore, be found to have been based on some other ground.[3]
The appellee's second theory is based on the appellant's failure to enforce her rights over a substantial period of time. In this respect, the trial court found that the appellant was not able to enforce the judgment for much of the four years as she was caring for her dying present husband. This finding is supported by the evidence. As for the less-than-two-year period in which she failed to enforce her rights and those of the child, such delay was not sufficient to establish an extraordinary circumstance wherein the appellant would be forever barred from collecting the arrearages. See e.g. O'Brien v. O'Brien, 424 So.2d 970 (Fla. 3rd DCA 1983).
We find nothing in the present record to establish waiver by acquiescence or any other extraordinary circumstance sufficient to establish a defense to the wife's claim for arrearages.
The order appealed is accordingly Reversed and this cause is Remanded for further proceedings consistent with this opinion.
MILLS and WENTWORTH, JJ., concur.
NOTES
[1] We note that while it is normally within the court's discretion to issue a contempt order, such remedy is not available after the arrearages have been reduced to a money judgment. Lemm v. Chapman, 413 So.2d 749 (Fla. 1982).
[2] See Teta v. Teta, supra, at p. 645; Panganiban v. Panganiban, supra, at p. 1157; see generally Annot. 5 A.L.R.4th 1015, Laches or Acquiescence as Defense, So As To Bar Recovery Of Arrearages Of Permanent Alimony Or Child Support.
[3] Even were such an agreement proven, it would not be sufficient to bar recovery in the present case. It has been held:

The power of the parties to modify by agreement or for one party to waive or otherwise be deprived of the provisions of child support in a divorce decree is subject always to the supervision and scrutiny of the court and will be given sanction and recognition only if the best interests of the child or children are fully served. An agreement, either express or implied, which purports to relieve a father of his duty to support his minor child entirely or permanently offends against public policy and is void. However, the mother and father may as between themselves validly agree, expressly or impliedly, that one rather than the other may provide support if the best interests of the child are served thereby.
Warrick v. Hender, 198 So.2d 348, 351 (Fla. 4th DCA 1967). In the instant case, there was no evidence that the alleged agreement between the parties was in the best interests of the child.