WIGGINTON, Judge.
This appeal is from the final order of the trial court finding appellee to be delinquent in the payment of child support only for the period beginning October 1984, to the date of the order, modifying the final judgment of dissolution to increase the sum of child support by fifty dollars for the son, and ordering appellee to pay appellant’s attorney $1,000 as reasonable attorney’s fees, plus costs. We affirm the latter portion of the order regarding the increased child support and the attorney’s fees, as not constituting an abuse of discretion. However, we reverse the order as it relates to the arrearage issue.
The parties were married in April 1973. At that time, appellant had two children by a previous marriage, a girl and boy ages four and three. Appellee in due course adopted the children; however, in 1977 the parties divorced. Despite the child support ordered in the final judgment of dissolution, the parties privately agreed that if appellee would not exercise his visitation rights, he would not be required to pay child support. This agreement remained in effect from the dissolution until 1984 when appellant contacted appellee and insisted on payment of support. Appellee paid the originally ordered support of $200 for the months of June, July, August, and September 1984, but thereafter ceased payment.
In April 1985, appellant, who had since remarried, filed a petition to modify the final judgment as to the amount of child support, and also requested the court to enter an order of contempt against appellee alleging child support arrearages totalling $18,800 from 1977.
In his final order, the trial judge denied appellant’s request for the full amount of arrearages apparently on the basis of his finding that appellánt “agreed to waive child support, and [appellee] relied on the agreement to his detriment.” (Emphasis added.) Without passing on the propriety of his finding that appellee relied on the agreement to his detriment, we hold that the judge incorrectly bottomed his order on a waiver theory.
In Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979), a case fundamentally identical to the one at bar, we reversed the trial court’s ruling that the mother’s claim for child support arrearages was barred by the statute of limitations and the doctrine of laches. Although the parties had agreed approximately eleven years earlier that the father would not be required to pay child *713 support payments if he refrained from contacting the plaintiff and from attempting to visit the child, we unequivocally held
... that a mother may not contract away her child’s right to receive support from its father, nor may she be found to have waived that right of support by failing to promptly enforce it.
377 So.2d at 801 (emphasis added). Although we noted that a claim for child support arrearages may be defeated by laches, “rarely have courts found the exceptional circumstances necessary to justify the application of that doctrine.” Id. at 800. (Footnotes omitted.) However, since the trial judge made no finding as to whether the instant case may present just such extraordinary circumstances, we remand the cause for further proceedings consistent with this opinion.
AFFIRMED in part, REVERSED in part, and REMANDED for further consideration.
SMITH and THOMPSON, JJ., concur.