509 So.2d 1146 (1987)
Kathleen Sue ASHE, Appellant,
v.
Jerry Lamar ASHE, Appellee.
No. BN-48.
District Court of Appeal of Florida, First Division.
June 30, 1987.
*1147 A. Russell Smith, Jacksonville, for appellant. Michael J. Korn, of Christian Prom & Korn, Jacksonville, for appellee.
JOANOS, Judge.
In this domestic proceeding, the former wife appeals the trial court's order reducing the amount of child support arrearages. The points for review are (1) whether there is evidence to support the reduction in arrearage, and (2) whether the trial court erred in refusing to enter a money judgment or to allow execution on the arrearage. We reverse and remand for further proceedings.
The parties were married May 28, 1972, and are the parents of three minor children. On October 14, 1980, the wife filed a petition for dissolution of marriage. On February 5, 1981, the parties entered into a stipulation. On February 6, 1981, the trial court entered final judgment of dissolution of marriage, which judgment incorporated all the provisions of the parties' agreement including the provisions that the wife have custody of the children and that the husband pay $165 per week in child support.
On December 23, 1985, the wife filed a notice of lis pendens and a motion to reduce the alleged child support arrearage of $24,585 to judgment. On January 30, 1986, the husband filed a motion to quash the notice of lis pendens.
On February 11, 1986, the husband filed a financial affidavit reflecting monthly income of $481.66, and monthly expenses of $583. The husband's financial affidavit does not itemize an amount for child support. In addition, the husband filed a petition to modify the final judgment and to prohibit enforcement of past due arrearage. As grounds therefor, the husband stated that his annual income had declined from the $20,740 he earned at the time of entry of the final judgment of dissolution. The husband's tax returns indicate his post-1981 earnings to be $13,956 in 1982; $8,989 in 1983; $5,779 in 1984; and $9,000-$10,000 in 1985.
The record reflects the husband permitted the wife and the parties' children to live in his home on a rent-free basis. In the petition for modification, the husband sought a rent set-off against the child support arrearage, as well as a set-off for other funds expended on the children's behalf. The wife stipulated the husband was entitled to a set-off of $760, which included $510 which the husband paid for summer day camp and $250 worth of furniture which the husband gave to the wife.
In addition, the wife concedes the husband is entitled to a rent set-off, but the *1148 amount of the reasonable rental value of the house is in dispute. According to the wife, the reasonable rental value of the home is $100 per month. The wife's expert witness testified the home was not in a rentable condition, but if it were, the reasonable rental value would be $140 per month. The husband testified the reasonable rental value of the home is $350 per month.
There is record evidence regarding the husband's financial losses in connection with his business, and that these losses resulted in a reduction of the husband's income. Although the wife disputed the accuracy of the husband's annual income figures, she acknowledged that during the years the husband failed to pay any child support with the exception of the provision of housing, he had been unable to pay the full amount originally agreed upon in the parties' stipulation.
It is undisputed that during the relevant time period, the husband received funds and personal property from an inheritance. In addition, the parties testified that the husband had offered the wife $1,000 to apply on the mortgage which she holds on his property. The wife refused, insisting the money should apply against the child support arrearage. The parties agree the money was never paid.
The trial court entered an order modifying the final judgment, thereby reducing the child support payments to $65 per week. In a second order, the trial court established the child support arrearage at $7,500, but withheld execution. The instant appeal is concerned only with the order reducing the child support arrearage.
We note at the outset that the right to arrearages in child support is a vested right which inures to the benefit of the child. Guzy v. Pavic, 500 So.2d 711 (Fla. 1st DCA 1987); Brock v. Hudson, 494 So.2d 285 (Fla. 1st DCA 1986); Wing v. Wing, 464 So.2d 1342 (Fla. 1st DCA 1985); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979); Smalbein v. Smalbein, 487 So.2d 421 (Fla. 5th DCA 1986); Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2d DCA 1981). Therefore, absent extraordinary or compelling circumstances such as waiver, laches, estoppel, or reprehensible conduct on the part of the custodial parent, "the court has no power, ... to cancel or retrospectively reduce the decree as regards past due installments." Wing v. Wing, 464 So.2d at 1344. Accord Brock v. Hudson, 494 So.2d at 286.
Furthermore, it is well settled that although a trial court may decline to hold a non-paying parent in contempt, the receiving spouse is entitled to enforcement of payments by legal process and by such equitable remedies as the trial court may determine to be appropriate and necessary. State Department of Health and Rehabilitative Services v. Canady, 473 So.2d 273, 274 (Fla. 2d DCA 1985); Guarino v. Guarino, 431 So.2d 189 (Fla. 2d DCA), petition for review dismissed, 441 So.2d 632 (Fla. 1983); Smithwick v. Smithwick, 343 So.2d 945 (Fla. 3d DCA 1977). In other words, the trial court may not reduce a child support arrearage to judgment and then withhold execution. Execution must be permitted or some mechanism, such as a schedule of monthly payments consistent with the payor parent's ability to pay, must be established. See, e.g., Smithwick v. Smithwick, 343 So.2d at 947.
In this case, the order establishing child support arrearage at $7,500 makes no express finding of compelling or extraordinary circumstances which would justify such a reduction, nor does there appear to be record support for such a finding. Furthermore, the order contains no reasoning which explains the amount of the arrearage reduction. Therefore, we are unable to determine how the trial court arrived at the amount of the reduction. Since meaningful appellate review is impossible, we must reverse and remand. See DePoorter v. DePoorter, 509 So.2d 1141 (Fla. 1st DCA 1987); Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987). We reverse the trial court's order establishing arrearage, and remand with directions to reconsider the order in light of the record and the governing law, and to enter an order containing findings of fact which take into account the facts and figures in the record before *1149 the court. The trial court's order should provide sufficient detail to apprise a reviewing court of the underlying rationale for the decision.
Accordingly, this cause is reversed and remanded for reconsideration of the arrearage issue in light of this opinion, and for entry of an order which contains sufficient findings which support the decision.
WIGGINTON and ZEHMER, JJ., concur.