ZEHMER, Judge,
specially concurring.
While I concur in the decision to remand for further proceedings, I should more fully explain my reason for remanding on the third point. The award of permanent alimony with an automatic reduction after forty months can only be sustained as an award of $300 per month rehabilitative alimony, and that is the thrust of appellee’s argument on appeal. This argument is completely at variance with the explicit terms of the final judgment, so for this reason alone the alimony award must be reversed and the matter remanded to the trial court for reconsideration of the total scheme in light of our other rulings. While there is no evidence to support a reduction of permanent periodic alimony, as Judge Shivers states, there is evidence in the record that could support an award of rehabilitative alimony and permanent periodic alimony. Because there is a complete absence of any specific findings of fact on this issue, however, I would remand with explicit directions to make further findings of fact on the issue of rehabilitative and permanent periodic alimony, including the taking of additional evidence if deemed necessary by the court. See Ashe v. Ashe, 509 So.2d 1146 (Fla. 1st DCA 1987); Barrs v. Barrs, 505 So.2d 602 (Fla. 1st DCA 1987).