LETTS, Judge.
The lower court held section 61.14, Florida Statutes (1987), unconstitutional because it precluded a father, who allegedly was in arrears in child support payments, from having his day in court and denied him due process. We affirm.
The residential custody of the child was awarded to the mother at the time of final dissolution. However, in fact, and with the acquiescence of the mother, the child had lived with the father for some two years prior to the instant controversy. On August 14, 1987, the father received in the mail a copy of the “certified notice of delinquency” in child support payments from the clerk’s office. The document provided that he would have to pay $2,993.00 on or before August 27, 1987, or a final judgment of delinquency would be entered against him and recorded in the official records of the county and any county where he might own real property in Florida. The document was dated August 12, 1987, thereby providing him with fifteen days to pay or else suffer a final judgment which would result in a lien against any of his real property.
The father filed a petition for a declaratory judgment. Also filed was a motion to declare the statute unconstitutional.
*168 The trial court found section 61.14, Florida Statutes (1987) unconstitutional. We agree with the trial judge and can do no better than reproduce pertinent parts of his final summary judgment as follows:
FINAL SUMMARY JUDGMENT
This is an action for declaratory and in-junctive relief in which the Petitioner challenges the constitutional validity of that section of Chapter 87-95, 1987 Fla. Sess.Law Serv., which amends Fla.Stat. Sec. 61.14 (supp.1986). The matter came before the court on Petitioner’s Motion for Summary Judgment.
The statute in question provides that an unpaid child support payment which becomes due after July 1, 1987, shall become a final judgment by operation of law after notice to the obligor by the Clerk of Court. Notice is provided by certified mail if a payment is 15 days delinquent, and the delinquency becomes a judgment by operation of law 30 days after the delinquency occurs. A lien is created against real property when the notice requirements have been met and a certified copy of the support order and of a statement evidencing the delinquency have been recorded by the Clerk. The judgment created by operation of law is final and may not be modified by the Court as to any unpaid installment which has accrued up to the time either party makes a motion to set aside, alter or modify the support order.
* * * * * #
Section 61.14(5)(d), Fla.Stat. provides that a judgment by operation of law is a final judgment as to any unpaid payment which has accrued up to the time either party makes a motion to set aside, alter or modify the order. The statute further dictates that ‘... the Court does not have the power to set aside, alter or modify such order, or any portion thereof, which provides for any payment of money, either for minor children or the support of a party, which has accrued prior to the filing of such motion ...’.
The Legislature has established certain practice and procedures pertaining to an
uniquely judiciary function along with prohibiting the Court from exercising its judicial power in reviewing, possibly altering, setting aside or modifying either the previous child support order or the final judgment of delinquency entered by the Clerk. As a result, the Legislature has abrogated the constitutionally protected principle of separation of powers. As announced in Military Park Fire Control Tax District No. No. 4 vs. David DeMarois, Daniel Kraemer, and Military Park Professional Fire Fighters Union, Local 2741, 407 So.2d 1020 (Fla. 4th DCA 1981), powers constitutionally bestowed upon Courts may not be exercised by the Legislature and matters of practice and procedure are solely within the province of the Courts. Ruff vs. Georgia S. & F. Ry. Co. [67 Fla. 224], 64 So. 782 (Fla.1914); Puckett vs. The Honorable David M. Cook, 586 P.2d 721 (Okl.1978); City of Carbondale vs. Yehling, et. al. [96 Ill.2d 495, 71 Ill.Dec. 683], 451 N.E.2d 837 (Ill.1983).
[[Image here]]
sfs * * * $
The Florida Supreme Court has adopted Rule 1.540, R.Civ.P., entitled ‘Relief from Judgment, Decrees or Orders’. The Rule of Civil Procedure provides specific circumstances under which relief may be granted from judgments, decrees or orders. The Florida Supreme Court has promulgated and adopted the above referenced rule to contemplate various circumstances under which relief should be granted from judgments, decrees or orders. The subject statute specifically violates the express provisions contained under Rule 1.540, R.Civ.P., and prohibits the Court from exercising its discretion and judicial duties contained therein.
* * $ * $ *
The statute provides that when an obli-gor is 15 days delinquent in making a payment of support, the local depository (Clerk) shall notify the obligor by certified mail, and upon the satisfaction of the notice requirements, a Final Judgment of Delinquency will be entered and a lien recorded against realty beginning 30 days after the date of such delinquen *169 cy. During the pendency of the abbreviated time span of receiving notice (presuming the obligor does receive same) and the date the final judgment is rendered, the obligor is not given an opportunity to be heard, to present or confront witnesses against him or to produce evidence pertaining to the matter at hand. The statute violates both substantive and procedural due process in that an obligor will be deprived of a constitutionally protected property right without having an opportunity to be heard on the matter. Fickle vs. Adkins, 394 So.2d 461 (Fla. 3rd [sic] DCA 1981); Quay Development, Inc. vs. Elgante [Elegante] Bldg. Corp., Supra [392 So.2d 901 (Fla.1981)]; Pelle vs. Diners Club, 287 So.2d 737 (Fla. 3rd [sic] DCA 1974); and Keating vs. State of Florida, 173 So.2d.673 (Fla.1965).
The denial of access to the Courts and violation of due process is apparent in connection with domestic relations cases pertaining to child support and support to a party. A legion of Florida case authority recognizes the right to be heard and present evidence along with confronting witnesses in connection with matters involving support arrearages. In Gottesman vs. Gottesman, 220 So.2d 640 (Fla. 3rd [sic] DCA 1969), the Court entered an order finding the husband to be in arrears but did not authorize execution on same until further Order of the Court. In Gottesman, the Court did not reduce the arrearages to judgment based on equitable considerations including the husband’s financial inability in that matter. In Smithwick vs. Smithwick, 343 So.2d 945 (Fla. 3rd [sic] DCA 1977), the Court rejected the husband’s position but did recognize that the enforcement of arrearages is a matter resting in the sound discretion of the Court to be determined on equitable considerations, including the financial status of the parties.
The subject statute precludes an obligor from having his or day in Court to present evidence pertaining to any number of recognized equitable defenses including set-off, acquiescence, laches, es-toppel, and waiver. Chappell vs. Chappell, 253 So.2d 281 (Fla. 4th DCA 1971); Francisco vs. Francisco, 505 So.2d 1102 (Fla. 2d DCA 1987); Brock vs. Hudson, 494 So.2d 285 (Fla. 1st DCA 1986); and Brown vs. Brown, 108 So.2d 492 (Fla. 2d DCA 1959); and Wennick [Warrick] vs. Hendrix [Hender], 198 So.2d 348 (Fla. 4th DCA 1967).
This case would have had far reaching consequences but for wholesale amendments to the statute enacted in 1988. See Ch. 88-176, § 6, Laws of Fla. (1988). These amendments only became law in July of 1988 and are not before us for consideration. However, a cursory glance at them would indicate that many of the shortcomings enunciated by Judge Vocelle have been redressed. For example, one additional sentence in the 1988 version reads: “This subparagraph does not prohibit the Court from providing relief from the judgment pursuant to Florida Rule of Civil Procedure 1.540.” There are many other changes and additions.
Accordingly, the final judgment is affirmed and this cause is remanded for further proceedings.
AFFIRMED AND REMANDED.
GUNTHER and STONE, JJ., concur.