596 So.2d 718 (1992)
Bambi Jo HUFFMAN, Appellant,
v.
Timothy Douglas HUFFMAN, Appellee.
No. 91-01540.
District Court of Appeal of Florida, Second District.
March 18, 1992.
Amy Geier Cohen of Latour & Associates, P.A., Tarpon Springs, for appellant.
Theodore R. Culbertson of Law Offices of Thomas J. Donnelly, Clearwater, for appellee.
PARKER, Judge.
Bambi Jo Huffman[1] (wife) appeals an order modifying child support. We reverse, concluding that the circuit court erred in modifying the child support obligation and in reducing the arrearages.
The circuit court entered a final judgment of dissolution of marriage for these parties in March 1988. Timothy Huffman (husband), who was represented by counsel until a few days before the final hearing, appeared without representation at the final hearing whereat the circuit court accepted testimony and evidence. The parties entered into evidence written calculations *719 for both husband's and wife's salaries and percentages for each for a determination of child support based upon child support guidelines contained in section 61.30, Florida Statutes (1987). The final judgment awarded to the wife rehabilitative alimony, child support to be paid by the husband to the wife for the two minor children, sale of the marital home, and division of personal property, bank accounts, and debts of the parties.
In June 1989, the husband filed a pro se petition to modify child support and alimony, apparently copied from a form book, "based upon a change in the financial needs of the minor children and the financial circumstances of the parties." The husband filed this the same day that the circuit court held a hearing on the wife's motion for contempt. As a result of the hearing on the wife's motion, the circuit court entered an order finding that the husband was not in willful contempt of court but entered a judgment setting arrearages against the husband for alimony and child support. In December 1989, the circuit court entered another order and judgment upon the wife's motion for contempt, at which time the circuit court again found the husband was not in willful contempt of court but entered a judgment for additional arrearages against the husband for alimony and child support. In that order and judgment, the circuit judge ruled that "since the minor children are residing with the Respondent [husband], child support payments shall cease as of November 7, 1989." No party appealed that order and judgment or sought its modification, even though representations of the attorneys for the parties at a later hearing indicated that one of the two children returned to and remained with the wife from December 1989 until the time of this appeal. The order and judgment further stated:
ORDERED AND ADJUDGED that the child support obligation may be subject to modification in the event that the Respondent prevails at an evidentiary hearing on Respondent's claim that the child support payments ordered by the Court in the Final Judgment was [sic] improper under the child support guidelines.
The circuit judge, Judge Stoutamire, apparently inserted this language because the husband's position was that allowable deductions were not utilized at the time of final hearing to determine correctly his net income for a calculation of his share of child support under the child support guidelines.
On June 11, 1990, the husband filed a motion to amend final judgment, alleging that the circuit court relied upon erroneous financial information concerning the husband's income in establishing his child support obligations. On August 7, 1990, the husband filed a supplemental petition to modify final judgment, pursuant to Florida Rule of Civil Procedure 1.540 and section 61.14, Florida Statutes (1989). The husband based his request for modification on the following grounds: the court's reliance on erroneous financial information concerning the husband's income at the time of the final hearing; one child has remained with the husband since November 1989; and a substantial and material change of circumstances from those existing at the time of the final judgment regarding the sale of the marital home.
Judge Farnell held a hearing on the husband's motion and petition. Judge Farnell allowed the husband to present evidence regarding the husband's income at the time of the final hearing and reconsidered the child support provision in the final judgment apparently based on the language in Judge Stoutamire's order and judgment of December 1989. Judge Farnell entered the order appealed to this court which provided in relevant part:
1. That the minor child of the parties, HOLLY MARIE HUFFMAN desires to and has since November 1, 1989 resided with the Respondent on a permanent basis.
2. That from November 1, 1989 to December 13, 1989 the minor child, SHANE C. HUFFMAN resided with the Respondent.
3. That Respondent is entitled to a modification of the amount of child support *720 ordered by him to be paid to the Petitioner by the Final Judgment of Dissolution of Marriage in this case, dated March 18, 1988, from $170.00 per week to $145.00 per week, or $72.50 per child per week, retroactive to March 18, 1988.
4. That Respondent is entitled to setoff against child support arrears claimed by Petitioner, an amount of child support owed by Petitioner to Respondent for her child support obligation during Petitioner's custodial periods of the minor children since March 18, 1988.
5. That Petitioner's obligation of child support is $46.50 per child per week during the Respondent's custodial period.
6. That Respondent's net obligation of child support to Petitioner is $26.50 per week, taking into consideration Respondent's custodial periods with the minor children of the parties since November 1, 1989 to October 12, 1990, and Respondent's continuing obligation to contribute support to the minor child, SHANE C. HUFFMAN, still in the residential custody of the Petitioner.
The order recalculated the child support arrearages, making the amount substantially less than the amounts established in the judgments.[2]
We conclude that the circuit court erred in modifying the past due child support. This court, in Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2d DCA 1981), stated:
Child support is normally the vested right of the child which the court has no power to modify when past due... . The court may refuse to hold a party in contempt for failure to pay an arrearage, but may entirely refuse to enforce payment of past due child support only under certain exceptions... . Those exceptions are in the nature of laches, estoppel, waiver, reprehensible conduct upon the part of the parent having custody or other strong equitable reasons.
Panganiban, 396 So.2d at 1157 (citations omitted). The husband presented no evidence of an exceptional circumstance which would permit the court to modify his support obligations retroactively and to reduce arrearages established in judgments.
Further, the circuit court had no jurisdiction to grant relief from the final judgment. The husband bases his request for relief from judgment on the fact that his attorney provided incorrect net income information at the time of final hearing. Such a mistake is not a clerical mistake in the final judgment which could be corrected at any time. See Rule 1.540(a). The mistake, if any, must fall under subsection (b) of the rule, which provides:
(b) Mistakes; Inadvertence; Excusable Neglect; Newly Discovered Evidence; Fraud, etc. On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, decree, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial or rehearing; (3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment or decree is void; (5) the judgment or decree has been satisfied, released or discharged or a prior judgment or decree upon which it is based has been reversed or otherwise vacated or it is no longer equitable that the judgment or decree should have prospective application. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, decree, order or proceeding was entered or taken.
Fla.R.Civ.P. 1.540(b). Because the husband did not file the motion within one year of entry of the judgment and because (4) and (5) under subsection (b) of the rule clearly do not apply, the trial court's order modifying the final judgment based upon the erroneous financial information must be reversed because the trial court had no jurisdiction to enter the order.
*721 This, however, does not end our review. On August 7, 1990, the husband filed a supplemental petition to modify final judgment and alleged that one of the minor children had been residing with him since November 7, 1989. A circuit court has jurisdiction to modify a child support obligation at any time due to a substantial change in circumstances. Martin v. Martin, 582 So.2d 784 (Fla. 5th DCA 1991). The parties and the judge, however, failed to recognize that this minor child was living with the husband at the time the circuit court last entered an order and judgment in December 1989 and, at that time, the judge ordered child support payments to cease as of November 7, 1989.[3] Neither party appealed that order and the wife never moved to modify that order when the other minor child returned to live with her. Based on these facts, the order modifying the child support must be reversed. Upon remand, the circuit court may consider modifying the child support obligation effective August 7, 1990, based on changed circumstances and not the fact that the original child support obligation may have been based on erroneous financial information. See Smith v. Smith, 474 So.2d 1212 (Fla. 2d DCA 1985), review denied, 486 So.2d 597 (Fla. 1986) (modified child support may be awarded retroactive to the date of petition for modification). The arrearages established in the orders and judgments of June 22, 1989, and December 7, 1989, must stand.
Reversed and remanded for proceedings consistent with this opinion.
HALL, A.C.J., and PATTERSON, J., concur.
NOTES
[1] The style of the order appealed to this court lists the wife as Bambi Ho Huffman.
[2] The order also established alimony arrearages and made provisions for the husband to purchase the wife's interest in the marital residence.
[3] The attorneys for both parties represented to Judge Farnell that child support payments continued to be due based upon the final judgment. That assumption appears to be incorrect based on the order and judgment of December 7, 1989.