CAMPBELL, Judge.
Appellant, Mitra Movassaghi, the former wife, appeals an order modifying future child support payments and reducing accrued arrearages of child support by fifty percent. We reverse.
In the wife’s petitions for dissolution, she requested $1,250 per month per child for the two minor children of the marriage. Appellee, Hamid Mirarmandeh, the former husband, filed an answer and waiver agreeing to the relief requested by the wife in her petition. Appellee/husband did not subsequently participate in the dissolution proceedings.
The December 14, 1987 amended final judgment of dissolution of marriage ordered the husband to pay the $1,250 per month per child child support that was requested by the wife and agreed to by the husband. No appeal was ever taken from the final judgment of dissolution and no motion to set aside that judgment pursuant to Florida Rule of Civil Procedure 1.540 was ever made.
Three years later, on January 2, 1991, husband filed a pro se motion to modify child support requesting a decrease based upon changed circumstances. A final hearing on husband’s petition to modify was held on April 1, 1991, and an order modifying the final judgment was entered on April 10, 1991. That order modified child support payments by reducing them by fifty percent and by reducing the accrued arrearages of child support by fifty percent. While we have no record of the modification hearing, the sole reason stated by the trial judge for the modification was that the “amount of child support originally agreed upon by the parties was unconscionable.”
That order of modification provides as follows:
THIS CAUSE having come before the court on April 1, 1991 upon the husband’s petition to modify child support and the wife’s motion for contempt; there having appeared before the court the wife, MITRA MOVASSAGHI, together with her attorney, Ronald S. Reed, Esquire, and the husband, HAMID MIRARMANDEH; the court having found:
A. That the Amended Final Judgment of Dissolution of Marriage, pursuant to the agreement of the parties, ordered that the wife have the primary residential care of the parties [sic] two minor children and further ordered that the husband pay the sum of $1,250.00 per month per child for the support of the minor children, and $1.00 per year as alimony.
B. That the wife, because of her immigration status, is not permitted, nor was she permitted at the time of the entry of the final judgment, to engage in gainful employment in the United States.
C. That the wife has no source of income other than the child support she receives from the husband.
D. That at the time the parties agreed upon the child support award of *423 $2,500.00 per month, the husband earned an annual income of $30,000.00 gross.
E. That the amount of child support originally agreed upon by the parties was unconscionable given the husband’s limited income.
F. That in 1988 and 1989 the husband earned a gross income of approximately $40,000,000, that in 1990 the husband earned a gross income of approximately $56,000.00.
G. That the husband’s anticipated gross income for calendar year 1991 is $60,000.00.
H. That the statutory child support guidelines would impose an obligation of $1,250.00 per month for the support of the parties’ two minor children.
I. That though the parties neither pled for, nor was it argued by either of the parties, the wife is in need of permanent alimony.
J. That all child support arrearages that have accrued in this cause should be reduced by 50%.
K. That there has been no substantial change in the needs of the wife or the minor children since the entry of the amended final judgment.
The court having been otherwise fully advised in the premises, it is therefore,
ORDERED AND ADJUDGED:
1. That the husband’s child support obligation is hereby reduced to the total sum of $1,250.00 per month for the support of both minor children of the parties.
2. That any arrearages that may have accrued in this cause for unpaid child support shall be, and they are hereby, reduced by 50%; that the Central Governmental Depository shall amend its records accordingly.
3. That the husband shall pay the sum of $500.00 per month as and for permanent alimony.
4. That the husband shall pay the additional sum of $100.00 per month toward the accrued child support arrearag-es.
The prerequisite change in circumstances necessary to a modification of a child support order based upon an agreement of the parties has not been shown nor has the trial judge found such a change to have taken place. Absent such a change, modification is improper. Lacy v. Lacy, 413 So.2d 472 (Fla. 2d DCA 1982). Neither have any of the unique prerequisites for a modification of past due child support been shown nor been found to exist. Panganiban v. Panganiban, 396 So.2d 1156 (Fla. 2d DCA 1981). The trial judge also erred in awarding the wife alimony in the order of modification.
We, therefore, reverse the order in its entirety and remand for reinstatement of the child support provisions of the final judgment of dissolution and for a determination of the amount of arrearages due. See Huffman v. Huffman, 596 So.2d 718 (Fla. 2d DCA 1992).
Reversed and remanded with instructions.
SCHOONOVER, C.J., and DANAHY, J., concur.