PARKER, Judge.
Patricia Duncan (wife) appeals an amended order entered upon the petition of William Duncan (husband) for change of custody and modification of child support payments. We affirm the modified child support award, but reverse that portion of the order establishing arrearages and remand for reconsideration of the amount of ar-rearages to be paid or credit due.
In 1988 the circuit court entered a final judgment of dissolution which incorporated a marital settlement agreement and an addendum to the agreement which the parties executed. That settlement agreément required the husband to pay $725 per month for the support of the parties’ two minor children until the children obtain the age of majority or are otherwise emancipated.
On June 12, 1990, the husband filed a petition for change of custody and modification of support payments. The husband asserted in his petition that the parties had agreed that on June 8, 1990, the husband would assume primary residential custody of the oldest minor child, who was within three months of reaching eighteen years of age. He moved the circuit court for an order modifying the primary residential custody of the oldest child and decreasing the amount of child support for the remaining minor child.
In October 1990, the wife filed a motion for contempt which alleged that the husband unilaterally reduced his child support payments to one-half of the amount due and that the husband was in arrears in the amount of $1,450.50. The motion also alleged that the husband owed the wife medical costs. The trial court filed an order which denied the wife’s motion for contempt, but ordered that the child support payment deficiencies were to continue to accrue from June 1, 1990, through and including September 16, 1990, or until further determination and order of the court.
In January 1991, the parties filed financial affidavits. Wife’s annual rate of pay was listed at $35,400, with a monthly net income of $2,387. Husband’s gross yearly income was listed at $39,115.20, with a net monthly income, not including child support actually paid, of $2,345.83. Husband filed an amended financial affidavit on the day of trial, reflecting a gross annual income of $50,978.76 and a net monthly income, not including child support paid, of $3,006.08.
The trial court heard the husband’s petition on February 28, 1991. This hearing was not transcribed. On March 18, 1991, the trial court rendered an order which reduced the husband’s child support obligation to $467 per month beginning March 1, 1991,[1] ordered payment of arrearages in the amount of $709, and rendered moot the husband’s petition to change custody.
The trial court filed an amended order, dated April 1, 1991, which did not change the amount of the husband’s child support obligation, but ordered a credit of $440.25 against the husband’s child support payments. The wife then filed her notice of appeal seeking review of the trial court’s order rendered April 1, 1991. Thereafter, the husband filed a motion to adjust the account, and the trial court ordered the clerk of circuit court to strike the arrear-age set forth in the initial order and show a credit balance of $440.25 as of February 28, 1991.
First, we conclude that the wife did not demonstrate that trial court abused its discretion in modifying the child support award. See Canakaris v. Canakaris, 382 So.2d 1197 (Fla.1980). Thus, we affirm the order with regard to the modified child support award.
Second, although we recognize that the decision of the trial court comes to the appellate court clothed with a presump *207 tion of correctness, we reverse that portion of the trial court’s order establishing child support arrearages and credits. Generally, once the trial court establishes arrearages in a judgment, the trial court may reduce those arrearages only if the party seeking to reduce the arrearages presents evidence of exceptional circumstances or if the party files a motion pursuant to Florida Rule of Civil Procedure 1.540(b). Huffman v. Huffman, 596 So.2d 718 (Fla. 2d DCA 1992). The record before us does not demonstrate that the trial court considered either of the methods for reducing arrearag-es established in a judgment. In this case, the trial court modified the amount of ar-rearages three times. The trial court ordered arrearages in the amount of $709, a credit of $440.25 against payments, and then a credit balance of $440.25. It appears that it was improper for the trial court to strike the arrearages in the amount of $709.
Moreover, from the record furnished this court, it is impossible for this court to determine how the trial court reached the amounts listed in its orders. Thus, we are compelled to reverse and remand this case for findings. As stated in Ashe v. Ashe, 509 So.2d 1146 (Fla. 1st DCA 1987):
In this case, the order establishing child support arrearage at $7,500 makes no express finding of compelling or extraordinary circumstances which would justify such a reduction, nor does there appear to be record support for such a finding. Furthermore, the order contains no reasoning which explains the amount of the arrearage reduction. Therefore, we are unable to determine how the trial court arrived at the amount of the reduction. Since meaningful appellate review is impossible, we must reverse and remand.
Ashe, 509 So.2d at 1148 (citations omitted). Although this court holds that findings of fact are not required in support proceedings, this situation mandates such findings to allow for meaningful appellate review. See Hillman v. Hillman, 567 So.2d 1066 (Fla. 2d DCA 1990).
Finally, although our decision renders this issue moot, we note that a trial court does not have jurisdiction to enter an order which modifies the substance of a final judgment after a party files a notice of appeal. See Soles v. Soles, 536 So.2d 367 (Fla. 1st DCA 1988). The trial court ordered a credit of $440.25 against the husband’s child support payments in its amended order. The trial court, however, subsequently ordered a credit balance of $440.25, which changed the substance of the order appealed.
We reverse the trial court’s order and remand with directions to reconsider ar-rearages and credits and to enter an order that provides sufficient detail to apprise a reviewing court of the underlying rationale for its decision regarding the arrearages or credit ordered.
Reversed in part, affirmed in part, and remanded with directions.
CAMPBELL, A.C.J., and ALTENBERND, J., concur.

. We note that this is the first order in the record before us on appeal that modifies the original child support award.