736 So.2d 1257 (1999)
Paula LESTER, n/k/a Paula Peterson, Appellant,
v.
J. Lancelot LESTER, Appellee.
No. 98-1817.
District Court of Appeal of Florida, Fourth District.
July 14, 1999.
Mark T. Luttier of Burman, Critton & Luttier, North Palm Beach, for appellant.
Peggy Rowe-Linn of Peggy Rowe-Linn, P.A., West Palm Beach and James D. Tittle of Beverly & Tittle, West Palm Beach, for appellee.
SHAHOOD, J.
This is an appeal by former wife, Paula Lester n/k/a Paula Peterson-Roth, from the Final Judgment on Modification of Child Support and Attorney's Fees and Costs. We affirm as to both issues raised.
The former wife and the former husband/appellee, J. Lancelot Lester, III, were married for fourteen and one-half (14½) years when their marriage was dissolved by Final Judgment of Dissolution of Marriage in 1993. The parties amicably resolved all issues between them by Property Settlement Agreement which was incorporated in the final judgment. The agreement provided, inter alia, that the former husband pay $4,222.00 per month as child support for the parties' three children, then 6, 10 and 11 years old, and pay half of their tuition at the private school which they attended. The agreement also required that the former husband make sixty monthly rehabilitative alimony payments to the former wife in the amount of $4,500 each.
*1258 In July of 1996, the former husband commenced post-judgment litigation in which he sought a modification of the agreement to terminate alimony and an accounting based on the former wife's breach of the parties' agreement not to interfere with the other's personal business. The former husband alleged that the former wife had engaged in forgery, embezzlement and credit card theft, stolen and misdirected his mail by providing a forged change of address to the post office, stolen some of his checks, obtained credit cards and other property by fraud, and had opened accounts in the former husband's name, failed to pay the debts, and damaged his creditworthiness. After several attempts to obtain dismissal of the petition, the former wife filed a four-count counter petition requesting an increase in alimony based upon a change in circumstances (count I), an increase in child support in accordance with Article III A of the parties' settlement agreement (count II), and to set aside the final judgment of dissolution and the settlement agreement based upon allegations of fraud, duress and coercion (counts III and IV). Counts III and IV were later dismissed without prejudice, and the former wife never attempted to amend them.
The parties later reached an oral settlement agreement on all issues, except the former wife's request for increased child support and both parties' request for attorney's fees. A written order was entered by the court providing that the transcript of the parties' settlement was binding on them and the order was made nunc pro tunc to May 6, 1997. A hearing was thereafter set on the remaining issues.
At the hearing, the former wife abandoned Count I of her counter petition and simply sought an increase in child support based solely upon the terms of the parties' Settlement Agreement which had been incorporated in the final judgment of dissolution. The pertinent part of article III of the agreement provides as follows:
The child support has been calculated on the Father's projected 1993 net earned income calculated as of August 5, 1993. There shall be a 10% decrease in child support for every 20% decrease in the Father's net yearly income below the 1993 projected amount. Correspondingly, there will be a 10% increase in child support for every 20% increase in the Father's net yearly income above the 1993 projected amount.
It is undisputed that from the effective date of the Settlement Agreement, September 1993, to the present, the former husband has paid, and continues to pay the required child support, specifically $4,222 per month.
In May 1995, the former wife wrote a letter to the former husband confirming visitation for certain dates during the upcoming Summer, informing him of the girls' activities in school and extracurricular activities, and stating:
You are required to furnish me with your W-2 form for 1994 and rather than dealing with the 20% increase in child support and alimony I would like you to consider paying for the girls' school in total. It has been a nightmare attempting to split the financial support of their education.
The former husband accepted the offer by paying 100% of the tuition for the girls' school, although there is no written agreement between the parties other than the former husband's canceled checks. The tuition thereafter paid by the former husband amounted to approximately $45,000 annually.
At the hearing, each party called an expert to testify about the former husband's annual income increases since 1993 and the impact of same on the parties' child support agreement.
At the conclusion of the hearing, the court denied the former wife's requested relief finding that she had waived any right to any incremental increases in child support by accepting the former husband's *1259 full payment of the children's tuition expense. The court also denied both parties' motions for attorney's fees.
The trial court found that by accepting 100% payment of the girls' school tuition, the former wife had waived her right to obtain additional support based on the former husband's salary increases pursuant to Article III of the settlement agreement. The former wife argues that that decision was erroneous because she does not have the power to waive her children's support. While that is a correct general statement of the law, we hold that it is inapplicable in this case.
The fact that parents may not waive or otherwise "contract away" their child's right to support, see Strickland v. Strickland, 344 So.2d 931, 932 (Fla. 2d DCA 1977), does not preclude them from making contracts or agreements concerning their child's support so long as the best interests of the child are served. See Warrick v. Hender, 198 So.2d 348, 351 (Fla. 4th DCA 1967); Brock v. Hudson, 494 So.2d 285 (Fla. 1st DCA 1986). In Brock, the court stated:
The power of the parties to modify by agreement or for one party to waive or otherwise be deprived of the provisions of child support in a divorce decree is subject always to the supervision and scrutiny of the court and will be given sanction and recognition only if the best interests of the child or children are fully served. An agreement, either express or implied, which purports to relieve a father of his duty to support his minor child entirely or permanently offends against public policy and is void. However, the mother and father may as between themselves validly agree, expressly or impliedly, that one rather than the other may provide support if the best interests of the child are served thereby. Warrick v. Hender, 198 So.2d 348, 351 (Fla. 4th DCA 1967).
Id. at 287 n. 3; see also Fox v. Haislett, 388 So.2d 1261 (Fla. 2d DCA 1980).
In this case, the issue presented is not whether the former wife as custodial parent may waive the children's right to all support by the former husband, an agreement which would clearly be contrary to public policy. Rather, the issue is whether, in lieu of seeking upward modification of child support according to the express terms of the agreement, the former wife may waive that right and opt for additional support in another, comparable form (i.e. the former husband's payment of 100% of the tuition expense), which may not have been contemplated by the agreement, but which nevertheless serves the children's best interests.
The trial court in this case found that "the children's needs are currently being met by the amount of child support that is being paid. This is demonstrated by the former wife's financial affidavit filed in this case." Thus, even though the former wife may have been entitled to more support under the modification provision of the agreement, we agree with the trial court that the oral agreement which occurred between the parties nevertheless served the best interests of the children, and the former wife waived the right to seek upward modification of child support during the period which she accepted the former husband's payment of 100% of private school tuition. See generally Finley v. Scott, 707 So.2d 1112 (Fla.1998). Although we affirm the trial court's denial of the former wife's petition for modification up to and including the date of the filing of the petition for modification, this holding does not, however, preclude the former wife from seeking future support modification pursuant to the terms of the written agreement under appropriate circumstances.
We also affirm the trial court's denial of attorney's fees to the former wife as there is sufficient record evidence to support the trial court's refusal to grant attorney's fees because of the "former wife's *1260 vexatious litigation." See Rosen v. Rosen, 696 So.2d 697 (Fla.1997).
AFFIRMED.
STONE and STEVENSON, JJ., concur.