GERSTEN, J.
Robert Dayton Dechant (“father”), appeals the trial court’s order awarding Dawn Ellen Rees (“mother”), child support arrearages. We affirm.
In 1988, the mother and father married in Oklahoma and had a child. Within a year they divorced. In their divorce proceedings, the Oklahoma court awarded full custody of the child to the mother, with visitation rights to the father. The court further ordered the father to pay $100 per month in child support. Thereafter, the mother moved to California and informed the father that she did not want him to pay child support or to contact her or their child. The mother remained in California.
Four years later, in 1988, the father was personally served with a summons and notice of a child support action against him. The father, however, failed to appear at the hearing. The Oklahoma court determined the father owed child support arrearages of $4,800.00 and reaffirmed its prior support award of $100.00 per month.
Subsequently, in 1992, the State of California garnished the father’s tax return for child support arrearages. Since then, the father moved several times and most recently moved to Florida. In 2000, in compliance with the Uniform Interstate Family Support Act, the State of California sent the State of Florida a notice of registration of a foreign child support order.
The Florida Department of Revenue, in turn, served the father with the notice of registration of the foreign child support order. In response to the order, the father raised laches as an affirmative defense. After an evidentiary hearing, the general master found the father’s laches defense was inapplicable and awarded sixteen years of child support arrearages to the mother. This appeal follows.
On appeal, the father contends the trial court abused its discretion in awarding child support arrearages sixteen years after the divorce. He also contends that the mother waived child support and waited an unreasonable length of time to collect support. We disagree.
Child support is a right that belongs to the child, and may not be contracted away by the parents. “It is not a requirement imposed by one parent on the other; rather it is a dual obligation imposed on the parents by the State.” Armour v. Allen, 377 So.2d 798, 800 (Fla. 1st DCA 1979). Further, a custodial parent’s waiver of a child’s right to all support would “clearly be contrary to public policy” and unenforceable by the courts because it is not in the best interests of the child. Lester v. Lester, 736 So.2d 1257, 1259 (Fla. 4th DCA 1999).
Although laches may apply in some circumstances, we agree with the trial court that laches does not apply here. In order to prevail on a laches defense, the party seeking child support must have failed to assert their legal rights despite having an opportunity to take legal action. Additionally, the party against whom support is sought must have been unaware that the other party would assert these legal rights, and they must have been prejudiced by the undue delay. Van Meter v. Kelsey, 91 So.2d 327 (Fla.1956); Newman v. Newman, 573 So.2d 1001 (Fla. 1st DCA 1991).
In this case, the father was aware that the mother was seeking child support because he received notice and was personally served with a child support enforcement action within four years after the parties divorced. The father had additional knowledge that the mother was asserting *217 her legal rights to child support because his 1992 tax return was garnished. Further, the father has not demonstrated any prejudice by the delay. Therefore, we do not find the doctrine of laches applicable to the facts in this case.
Accordingly, we affirm the trial court’s order awarding child support arrearages.
Affirmed.