PER CURIAM.
This is an action to enforce payment of child support arrearages. The parties agreed below that the husband made only partial payments during the years 1971-1976. They also agreed that the husband and wife reached an agreement that the husband would pay for private school tuition and clothing for the children during the years 1977-1979. Disputed is whether the agreement discharged back payments due before 1977. Since a parent cannot contract away a child’s right to support, Melvin v. Melvin, 391 So.2d 691 (Fla. 1st DCA 1980); Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979), such a discharge could result only if the substitute payments were equal in amount to the husband’s court-ordered child support obligation.
The husband spent $2,255 for tuition and although the parties did not agree as to the amount he spent on clothes, the trial court apparently accepted the husband’s testimony that the figure for clothing and miscellaneous was approximately $2,680. The wife claimed that $5,365 was due as of the September, 1981, hearing: $2,640 for the years 1971-1974, $1,885 for the years 1975-1976, and $840 for the period from 1980 to the date of the hearing. The wife made no additional claim for the years 1977-1979, saying the husband was $625 short but not claiming that amount because the husband bought clothes. The husband resisted additional payment for the years before 1977 on the basis of his understanding of the parties’ agreement.
The trial court found the arrearage to be only $840, the amount owed from 1980 to the date of the hearing, and he ordered the husband to pay that amount as well as current support, finding the equities were with the husband because of the agreement. The wife moved for rehearing, alleging that this finding was tantamount to allowing the wife to waive child support for the years 1971-1976, contrary to Armour v. Allen, supra. In his order denying rehearing, the trial court found that
the evidence indicated that the mother did not contract away the right the child might have to support, but in fact money was paid by the father for the years in question in an amount equal to his court ordered responsibility but this was done in the form of payment for schooling and for clothing with the acquiescence of the mother; that as a matter of equities the father’s responsibility was reasonably discharged.
The record does not appear to support this determination. We accept the court’s finding that for the years in question the husband paid some amount toward his court-ordered responsibility in the form of tuition and clothing. We disagree, however, with the judge’s conclusion that these payments satisfied in toto the accumulated arrearag-es.
Using the figures supplied to the court by the parties, we are unable to arrive at a figure approximating only the $840 arrear-age found by the judge. It would appear that the husband has been given double credit for the tuition payments. In making her claim for arrearages, the wife gave the husband credit for the tuition payments; the court seemingly did not take this fact into account when it allowed the husband to use the tuition payments as an additional offset against accumulated arrearages. However, due to the sparsity of the order, our conclusion is of necessity speculative. It nevertheless appears that the judge’s computations to which we are not privy contain a miscalculation. We therefore reverse and remand for reconsideration and entry of an order containing a numerical basis that will facilitate appellate review.
REVERSED and REMANDED.
LARRY G. SMITH, SHAW and «TOA-NOS, JJ., concur.