695 So.2d 422 (1997)
Connie Aileen TURNER, Appellant,
v.
John Adams TURNER, Jr., Appellee.
No. 96-1000.
District Court of Appeal of Florida, Third District.
May 21, 1997.
*423 Markus & Winter and Stuart A. Markus and Robert O. Schwarz, Miami, for appellant.
Stephen H. Butter, Aventura, for appellee.
Before JORGENSON, FLETCHER and SORONDO, JJ.
FLETCHER, Judge.
This is an appeal by Connie Aileen Turner [mother] from a post-dissolution, downward modification of child support fixed under a settlement agreement entered into by the parties on December 27, 1994, and incorporated into the final judgment of dissolution of marriage dated February 3, 1995. We reverse as the record does not support the trial court's finding, based on the recommendation of the general master, that John Adams Turner, Jr. [father] made a sufficient showing of a substantial change in circumstances since the entry of the final judgment to justify his request for reduction in the amount of the child support (which he agreed to pay less than one year prior to the filing of his motion to modify).
At the time the parties entered into the settlement agreement setting the father's child support payment obligation at $800 per month, the father was working at the same job he held at the time he filed his motion for modification. Between the time he entered into the settlement agreement and the filing of his motion for modification, the father, in fact, received a slight raise in salary so that he was earning more income when he sought a downward modification than he was at the time he entered into the agreement. At the time the agreement was entered into, the mother was on temporary maternity leave from the employment she held during the marriage and the father knew how much she earned at that employment. She returned to the same employment at the same salary shortly after the agreement was entered into. There is no evidence that the needs of the child decreased between the time of the final judgment and the filing of the motion for modification. Despite the father's request that the agreement be set aside, the general master expressly declined to do so.
Given the facts, the sole basis upon which the general master rested his recommendation that the father's agreed-to monthly child support payment be reduced by $229.31 per month (to equal the amount appropriately payable under the child support guidelines at the time of the motion for modification) was that "[t]he child support guidelines can, in and of themselves, serve to establish a modification of support." Based on that statement, the master concluded that "[t]he provisions of Florida Statute § 61.30 1(b) have been met."[1] The circuit court judge denied the mother's exceptions to the master's report and ratified and approved the report in its entirety.
We have carefully reviewed the legislative history of the amendments to section 61.30(1)(b), Florida Statutes since the 1987 enactment of the child support guidelines,[2] and find no clear support for the result in this case in which the guidelines statute is used as the sole basis on which to relieve a father from an agreed-to, judicially adopted child support order entered more than six years after the enactment of the child support *424 guidelines. We are aware that the wording of the statute, on its face, arguably supports the action taken by the trial court in this case. However, we conclude that the legislature could not have intended to allow a father to use the guidelines statute to avoid his own, freely entered agreement within one year of its making even though his income has increased and the child's needs have not decreased, particularly where, as here, there is no finding of fraud, duress, or other intentional misleading circumstances surrounding the entry of the settlement agreement.
In light of the admittedly broad statutory language and the lack of specific guidance for its application to downward modifications of judicially adopted settlement agreements entered into after enactment of the guidelines,[3] we certify the following question as one of great public importance to permit further review of this case by the Supreme Court of Florida:
WHERE THERE HAS BEEN NO REDUCTION IN ABILITY TO PAY OR IN THE NEEDS OF THE CHILD, MAY A PARENT'S CHILD SUPPORT OBLIGATION AGREED TO AFTER ENACTMENT OF THE STATUTORY GUIDELINES BE MODIFIED DOWNWARDLY, PURSUANT TO SECTION 61.30(1)(b), FLORIDA STATUTES (1995), SOLELY ON THE BASIS THAT THE AGREED-TO AMOUNT EXCEEDS THE STATUTORY GUIDELINES AMOUNT WHICH WOULD BE PAYABLE IN ABSENCE OF THE AGREEMENT OF THE PARTIES?
We find no merit in the mother's final point on appeal regarding the trial court's modification of the relocation provision contained in the parties' agreement as the issue was tried by consent and there is no abuse of discretion in the trial court's decision. See Dodge v. Dodge, 578 So.2d 522 (Fla. 4th DCA 1991). Therefore, as to the child support issue, we reverse and remand with directions to reinstate the child support award set by the final judgment of dissolution. The order appealed is otherwise affirmed.
Affirmed in part, reversed in part and remanded. Question certified.
NOTES
[1] Section 61.30(1)(b), Florida Statutes (1995) provides:

"The guidelines may provide the basis for proving a substantial change in circumstances upon which a modification of an existing order may be granted. However, the difference between the existing order and the amount provided for under the guidelines shall be at least 15 percent or $50, whichever amount is greater, before the court may find that the guidelines provide a substantial change in circumstances."
[2] This particular subsection has been amended twice. In 1992, the original language of the statute precluding use of the guidelines for modification purposes was changed to specifically allow its use in showing of substantial change in circumstances for modification. Ch. 92-138, § 5, Laws of Fla. In 1993, the subsection was again amended in order to limit the use of the guidelines for modification purposes only in cases where there was a difference of 15% or $50, whichever amount is greater, between the existing support payment and the guidelines payment. Ch. 93-208, § 5, Laws of Fla.
[3] None of the cases involving modifications of child support orders citing to post-guidelines subsection 61.30(1)(b) provide clear guidance for this case. Unlike this case, the decided cases involved other arguably valid bases for finding of substantial change in circumstances such as increase or decrease in ability to pay or needs of children, in addition to a difference between the existing award and the guidelines. See, e.g., Miller-Bent v. Miller-Bent, 680 So.2d 1119 (Fla. 1st DCA 1996)(father's income had substantially decreased); Matthews v. Matthews, 677 So.2d 323 (Fla. 1st DCA 1996)(support fixed by settlement agreement; parties alleged both increased ability to pay and increase in children's needs); Jones v. Jones, 636 So.2d 867 (Fla. 4th DCA 1994)(support fixed by settlement agreement; father's income had diminished substantially); Whight v. Whight, 635 So.2d 135 (Fla. 1st DCA 1994)(mother alleged increase in children's needs).