750 So.2d 148 (2000)
Kim ERVIN and the State of Florida, Department of Revenue, Appellants,
v.
Ben CHASON, Appellee.
No. 1D99-1921.
District Court of Appeal of Florida, First District.
January 31, 2000.
*149 Sharon C. Greenberg and Diane H. Tutt of Diane H. Tutt, P.A., Plantation, for Appellants.
Nancy Leonard Harvey, Quincy, for Appellee.
PER CURIAM.
Appellant, Kim Ervin, appeals an order of the trial court finding that appellee, Ben Chason, was not in arrears in his child-support payments by virtue of a post-judgment agreement between the parties, and modifying his obligation based upon the child-support guidelines. Because the mother did not have the authority to agree to a reduced payment, and because the father failed to show a substantial change in circumstances, we reverse and remand with directions.
It is well established that parents cannot contract away their child's right to support, nor can a mother waive the child's right by acquiescing in the father's nonpayment. Armour v. Allen, 377 So.2d 798 (Fla. 1st DCA 1979); Green v. Horne, 421 So.2d 788 (Fla. 1st DCA 1982). Parents may modify a court-ordered arrangement only if the child continues to receive a roughly equivalent amount, and such an arrangement serves the best interests of the child. Green, 421 So.2d at 789; Lester v. Lester, 736 So.2d 1257 (Fla. 4th DCA 1999). This was not the situation at bar; hence, the father is liable for the arrears.
The trial court also erred in modifying the father's child-support obligation downward from the $400 per month he was ordered to pay at dissolution, to $348 per month under the guidelines. The court did not state at the hearing or in the order its rationale for reducing the father's obligation. The father provided no evidence that there was a substantial change in circumstances. If the court was operating under section 61.30(1)(b), Florida Statutes (1999),[1] case law discloses that the statute is inapplicable to a situation, such as that at bar, in which a parent agrees to pay an amount above the guidelines and later files for modification to obtain a reduction, without showing any decrease in income or in the child's needs. Knight v. Knight, 702 So.2d 242 (Fla. 4th DCA 1997); Turner v. Turner, 695 So.2d 422 (Fla. 3d DCA 1997).
*150 In the case at bar, although the trial court did not incorporate a marital settlement agreement into the final order, the father admitted that the parties had agreed to him paying $100 per week and that the agreement had been reduced to writing. Therefore, under Turner and Knight, the father was not entitled to a downward modification based on the guidelines alone.[2]
REVERSED and REMANDED with directions to reinstate the child-support obligation from the final judgment at dissolution as well as the father's arrearage.
ERVIN and JOANOS, JJ., and SMITH, LARRY G., Senior Judge, CONCUR.
NOTES
[1] Section 61.30(1)(b) provides:

The guidelines may provide the basis for proving a substantial change in circumstances upon which a modification of an existing order may be granted. However, the difference between the existing monthly obligation and the amount provided for under the guidelines shall be at least 15 percent or $50, whichever amount is greater, before the court may find that the guidelines provide a substantial change in circumstances.
[2] We also question whether the reduction from $400 to $348 per month satisfies the requirement in section 61.30(1)(b) that there be a 15 percent or $50 difference. The mother does not challenge the reduction on this basis, but it does appear that the $52 decrease from the original $400 per month ordered in the final judgment to the guidelines amount is only a 13 percent difference, which would also preclude modification under this provision.