PER CURIAM.
Appellant, the former husband, who is paying child support pursuant to the 1999 version of section 61.30, Florida Statutes, seeks a downward departure based solely on the 2001 amendments to the statute, although the final judgment of dissolution became final prior to the effective date of the amendment. We affirm the trial court’s determination that the 2001 amendments cannot serve as the sole basis for modification where the former husband has failed to demonstrate some independent substantial change in circumstance to justify modification. Nevertheless, we remand for the trial court to reconsider the petition due to a misapprehension of certain financial matters in the record.
The parties’ eight-year marriage was dissolved by final judgment of dissolution on November 29, 1999. The final judgment incorporated the parties’ November 23, 1999 child custody, property, and marital settlement agreement. The parties adopted one child during the marriage, Alexis Marie Fleischmann, who was three years old at the time of the settlement agreement. The settlement agreement provided that the parties would share parental responsibility, the former wife would be the primary residential custodial *2 parent, and the former husband would have the child 43% of the time. The former husband, taking into account his bonuses, agreed to pay the former wife what amounted to roughly $1100-$1200 per month in child support.
In 2001, the Florida Legislature amended section 61.30, which became effective on July 1, 2001. See Ch.2001-158, §§ 15, 16, at 1303-06, Laws of Fla. On August 2, 2001, almost two years after the parties’ divorce became final, former husband filed a petition seeking to modify his child support on the basis that the 2001 amendments require that the payor-spouse’s child support be reduced when the child spends at least 40% of the time with the noncustodial parent. Former husband also argued that his child support should decrease as a result of the $35 per week reduction in daycare costs now that Alexis is attending public school.
The trial court denied the petition for modification, finding that there had been no change in visitation since entry of the agreement in 1999; that both former wife’s and former husband’s income had increased; and that there was no legitimate basis for a downward modification. The trial court, however, mistakenly stated in the order that daycare costs were lowered by $35 monthly, instead of weekly.
We first note that the version of section 61.30 in effect at the time of the parties’ dissolution gave former husband the option to seek reduction of his child support based on certain enumerated factors, including the substantial amount of time spent with each parent:
Whenever a particular shared parental arrangement provides that each child spend a substantial amount of time with each parent, the court shall adjust any award of child support, based upon:
1.The amount of time each child will spend with each parent under the shared parental arrangement.
2. The needs of each child.
3. The direct and indirect financial expenses for each child.
§ 61.30(ll)(b)l.-3., Fla. Stat. (1999). The 2001 amendments continued to require that the trial court adjust the child support award if the child spends a “substantial amount of time with each parent,” but provided a more definitive formula for calculating the adjustment and defined what qualifies as a “substantial amount of time.”
For purposes of adjusting any award of child support under this paragraph, “substantial amount of time” means that the noncustodial parent exercises visitation at least 40 percent of the overnights of the year.
§ 61.30(ll)(b)10„ Fla. Stat. (2001); Ch.2001-158, § 16, at 1305-06, Laws of Fla.
Despite having the availability to reduce his child support obligation in 1999 because the child spends a substantial amount of time with him, the former husband agreed to pay $1200 in child support. Former husband’s agreement was incorporated into the final judgment and the case had been closed for two years. Former husband cannot now seek modification of his child support by arguing that the 2001 amendments amount to a substantial change in circumstance, where the right to seek a reduction for the reasons addressed in the amendments was always available. Moreover, it appears from the record that, in including a percentage of his bonus in his child support obligation, the father voluntarily agreed to pay more than he was required under either version of section 61.30.
This case is similar to those where the payor-spouse sought a downward modification of child support, after the entry of final judgment, based solely on the argument that the amount exceeded the statutory guidelines. Florida courts have *3 consistently held in those cases that the payor-spouse could not use the statute as the sole basis for relief from an agreed-to, judicially adopted child support order without a showing of independent changed circumstances. See Turner v. Turner, 695 So.2d 422 (Fla. 3d DCA 1997); see also Ervin v. Chason, 750 So.2d 148 (Fla. 1st DCA 2000); Knight v. Knight, 702 So.2d 242 (Fla. 4th DCA 1997).
Accordingly, we affirm the trial court’s determination that the 2001 amendments cannot provide the sole basis upon which to seek a modification of child support. However, because the record demonstrates that the court may have believed that the daycare expenses were reduced by $35 monthly rather than weekly, we remand for the trial court to consider whether this factor is an independent substantial change in circumstance, warranting a downward modification of former husband’s child support obligation.
AFFIRMED and REMANDED for further proceedings.
STEVENSON, MAY, JJ., and CHAVIES, MICHAEL B., Associate Judge, concur.