WARNER, J.
The former wife appeals a final order granting the former husband’s petition for downward modification of child support and denying the former wife’s motion for upward modification. The court granted downward modification based solely on the finding that the former husband was paying in excess of the child support guidelines, even though the amount of support was set by the parties’ settlement agreement. We agree that downward modification was error and reverse.
The parties were divorced and entered into a settlement agreement which contained a provision on child support, setting the amount per month. It also provided that, absent unforeseen circumstances, the parties agreed to a 5% increase of child support each year. The agreement specifically noted:
The parties recognize that the support amounts set forth herein may vary more than five percent from those amounts set forth in F.S. 61.30, but agree that the amounts set forth herein are fair and equitable in consideration of the present needs and requirements of the minor children, the available assets of the parties, and the division of marital assets provided for herein.
The agreement also provided for the payment of medical expenses and insurance.
The former wife filed a petition for modification and to enforce the agreement, claiming that the ex-husband had refused to pay medical expenses. She also claimed that because of significant upward increases in the ex-husband’s income, an upward modification of child support should be granted. In response, the former husband filed a petition for downward modification of support, asserting that he was now paying in excess of what the statutory guidelines authorized. After a full hearing, the court agreed with the ex-husband that he was paying more than the child support guidelines required, and made a downward modification in his child support obligation, rejecting the ex-wife’s claim for an upward modification.
It appears from the final order and testimony at the hearing that the trial court’s sole basis for the downward modification of child support was the fact that the ex-husband was paying in excess of the guidelines. The final order states, “[T]he Court determines that the Former Husband has probably been paying more than he should have and if anything the guidelines call for the child support to be less.”
As we said in Fleischmann v. Fleischmann, 868 So.2d 1, 2-3 (Fla. 4th DCA 2004),
Florida courts have consistently held in those cases that the payor-spouse could not use the statute [section 61.30] as the sole basis for relief from an agreed-to, judicially adopted child support order without a showing of independent changed circumstances. See Turner v. Turner, 695 So.2d 422 (Fla. 3d DCA 1997); see also Ervin v. Chason, 750 So.2d 148 (Fla. 1st DCA 2000); Knight v. Knight, 702 So.2d 242 (Fla. 4th DCA 1997).
We continue to adhere to this principle. Therefore, the court erred in granting the downward modification of child support. *375 To the extent that the court’s ruling eliminated the agreement in the settlement that the child support amount be increased 5% per year, we also reverse, as there were no “unforeseen circumstances” proved to warrant elimination of the agreed increases.
In determining the ex-husbarid’s liability for medical expenses, the court determined that the husband owed the ex-wife $1,075.64 for his share of these expenses. Although an award must be affirmed if it is supported by competent substantial evidence, try .as we might we cannot discern if it is in this case. Thus, we reverse the award for reconsideration by the trial court. See Whitcomb v. Whitcomb, 669 So.2d 309 (Fla. 2d DCA 1996).
The former wife also claims that the court erred in denying her petition for an upward modification of child support. We agree with the ex-husband that the court’s denial of relief is not an abuse of discretion.
Finally, the ex-wife objects to the court’s order requiring her to pay the ex-husband’s attorney’s fees. The settlement agreement provided that the prevailing party was entitled to attorney’s fees in any suit to enforce the terms of the settlement agreement. Because the ex-wife has now prevailed on the issues with respect to enforcement, including the denial of the ex-husband’s petition for modification, we reverse the award of attorney’s fees to the ex-husband.
We therefore reverse and remand for the trial court to enforce the terms of the settlement agreement with respect to child support by denying the ex-husband’s claim for downward modification. The trial court’s denial of an upward modification is affirmed. We also direct that the trial court reconsider the amount that the ex-husband is required to pay for medical expenses. And, finally, we reverse the award of attorney’s fees to the ex-husband.
Reversed in part; affirmed in part.
STEVENSON, C.J., and HAZOURI, J., concur.