IN THE DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FIFTH DISTRICT

NOT FINAL UNTIL TIME EXPIRES TO
FILE MOTION FOR REHEARING AND
DISPOSITION THEREOF IF FILED

RALPH H. GOLSON,

      Appellant,

 v.                                  Case No.  5D15-4456

KAREN LYNN GOLSON,

      Appellee.

_____/

Opinion filed November 18, 2016

Appeal from the Circuit Court
for Brevard County,
Jeffrey F. Mahl, Judge.

Elizabeth Siano Harris, of Law Offices of
Elizabeth Siano Harris, P.A., Titusville, for
Appellant.

No Appearance for Appellee.


LAMBERT, J.

Ralph H. Golson ("Former Husband") appeals an amended supplemental final judgment, which in pertinent part, denied his supplemental petition to modify alimony and separately established child support arrearages that accrued both prior to and after he filed his petition.  As we explain below, we affirm the amended supplemental final judgment, except for the award of the pre-petition arrearages.

The parties were married for twenty years. In 2003, Karen Lynn Golson ("Former Wife") filed a petition to dissolve the marriage. The parties resolved all issues between them by a marital settlement agreement ("MSA") and a subsequent addendum to the agreement, which were both approved and incorporated into the final judgment dissolving the marriage, entered in May 2003. Pertinent to the present appeal, Former Husband agreed to pay Former Wife $1000 per month in permanent periodic alimony and to pay $1000 per month in child support for the benefit of the parties' three then-minor children. The parties had also agreed that the amount of child support would be adjusted "in accordance with the Florida Child Support Guidelines" upon each child reaching the age of eighteen or graduating from high school, whichever is later. Finally, the addendum provided that Former Wife was entitled to move from Florida to South Carolina with the minor children and Former Husband to have "reasonable and liberal visitation."

Following the dissolution of marriage, Former Wife and the minor children moved to South Carolina. While there, Former Wife obtained her teaching certificate. In the summer of 2004, Former Wife and the children returned to Florida where she worked for the next several years as a full-time school teacher for the Brevard County Public School system.

In March 2013, Former Husband filed the instant supplemental petition to modify the final judgment of dissolution of marriage. At the time, the parties' youngest child was their only remaining minor child. Former Husband requested that the final judgment be modified in four significant ways. First, Former Husband asked that a specific time-sharing schedule be implemented to ensure his continuing contact with the youngest child. Second, he asked that Former Wife be required to comply with the relocation

2

provisions of section 61.13001, Florida Statutes (2013), if she attempted to move back to South Carolina with the minor child. Third, Former Husband alleged that Former Wife's income had substantially increased and that she no longer needed the monthly alimony payments from him to remain self-supporting. Fourth, Former Husband requested that the child support provisions of the final judgment be modified "pursuant to the guidelines."

Former Wife answered the petition, denying the material allegations. She also filed a motion asking that the court find Former Husband in contempt of court because he had "unilaterally" reduced his monthly child support payments, resulting in a significant support arrearage.

Trial on Former Husband's supplemental petition was held over three separate days in January, February, and August 2014. On February 5, 2015, the trial court issued its supplemental final judgment, which was met by motions for rehearing from both parties, followed by an amended motion for rehearing by Former Husband. The court eventually held a hearing on the motions and, on November 24, 2015, issued the amended supplemental final judgment now under review.[1]

In denying Former Husband's request to modify alimony, the court found that at the time of the dissolution of marriage, the parties had "clearly contemplated and anticipated" that Former Wife, "who was without income" at the time of the final judgment,

---

[1] During the course of the modification proceedings, Former Wife moved back to South Carolina, where she is now employed as a school teacher. Additionally, while the parties' youngest child was seventeen years old when the initial supplemental final judgment was issued, she turned eighteen and was no longer in high school when the amended supplemental final judgment was rendered. Although the time-sharing and, to a lesser extent, relocation issues were addressed in the initial and amended supplemental final judgment, due to the child's age, these two issues are now essentially moot and have not been appealed.

would be returning to work as a teacher and would therefore "earn what a teacher would earn." The court concluded that Former Husband had not met his burden of proof to modify his alimony obligation because the "substantial change" in Former Wife's post-judgment income "clearly was not an unanticipated change in circumstances."

The court separately determined the child support arrearages that accrued prior to and after Former Husband's filing of his supplemental petition. For the period of time prior to the filing, the court found that Former Husband should have paid $125,000 in child support based on the rate of $1000 per month, multiplied by 125 months. The court next found that during this time, Former Husband paid $109,999.93 in child support, resulting in a pre-petition arrearage amount of $15,000.07. For the post-petition arrearages, the court determined, based on the parties' respective monthly net incomes, that Former Husband's child support obligation under the guidelines[2] was $728 per month, which computed to a total of $20,384 in child support that Former Husband should have paid post-petition until the parties' youngest child became emancipated. The court found that Former Husband paid $9333.24 in child support during this period, resulting in post-petition arrearages of $11,050.76 and, therefore, a total child support arrearage of $26,050.83, which the trial court ordered to be repaid in full by Former Husband at the rate of $750 per month.

---

[2] Section 61.30, Florida Statutes (2013), codifies and explains both the mechanism for computing child support in Florida as well as numerical guidelines providing the presumptive amount of child support to be paid based on the trial court's factual findings in its judgment or order.

4

Modification of Alimony.

To obtain a modification of alimony, the party seeking modification must allege, and the trial court must find, that "(1) there has been a substantial change in circumstances, (2) the change was not contemplated at the time of the final judgment of dissolution, and (3) the change is sufficient, material, permanent, and involuntary." *Jarrard v. Jarrard*, 157 So. 3d 332, 336–37 (Fla. 2d DCA 2015) (citations omitted).

Former Husband argues that the trial court's finding that Former Wife's return to work earning a teacher's salary was contemplated and anticipated prior to the final judgment dissolving the marriage was not supported by competent substantial evidence. While we agree with the implication in Former Husband's argument that in a modification proceeding, our review of the trial court's factual findings or determinations on matters essential for relief is whether the court's findings are supported by competent substantial evidence, *id.* at 337, we disagree with Former Husband that the court's factual findings were not supported by competent substantial evidence at trial.

In reaching our conclusion, we turn first to the allegations in Former Husband's supplemental petition. In his petition, Former Husband specifically alleged that the parties' intent in their addendum, which was incorporated into the final judgment, was that Former Wife would relocate to South Carolina for a period of one year "to obtain recertification as a teacher to enable her to work as a teacher in Brevard County, Florida." Former Husband further recognized and pleaded in his supplemental petition that the intent of the addendum had essentially come to fruition as illustrated by his allegation of "[Former Wife's] return to Brevard County approximately one (1) year later [after the dissolution of marriage] and her long work history in the Brevard County Public Schools."

We reject Former Husband's argument that at the time of the final judgment, the parties anticipated that Former Wife would merely obtain her teaching certificate, but not thereafter become employed as a teacher (and, by definition, earn a teacher's salary) as meritless and belied by his pleadings. Further, our review of the record shows that there was competent substantial testimony at trial from Former Wife, whom the trial court found to be a credible witness, corroborating both the allegations contained in Former Husband's petition and supporting the trial court's finding that the post-judgment change in Former Wife's work status, and therefore, the resulting increase in her income, was anticipated by the parties.

Where, as here, the parties initially agreed upon the $1000 per month alimony payment with the anticipation that Former Wife would become a teacher, it would be incongruous to now reduce or terminate Former Husband's alimony obligation simply because the anticipated post-judgment event has now come to pass. *See Garvey v. Garvey*, 138 So. 3d 1115, 1118 (Fla. 4th DCA 2014). Finally, we conclude that any modest increase over the years in Former Wife's salary as a teacher, once she in fact became employed full-time as a teacher as anticipated, did not warrant modification of Former Husband's alimony obligation as being a substantial change in circumstances.[3] *Cf. Chambliss v. Chambliss*, 921 So. 2d 822, 824 (Fla. 2d DCA 2006) (holding that former wife's furthering her education in the nursing field, resulting in her earning $60,000 more per year, did not justify downward modification of alimony when the change in

___

[3] We also note that Former Husband conceded at trial that he has the present ability to pay the agreed-upon alimony.

6

circumstances was contemplated at the time of the final judgment and former husband's standard of living had not declined).

Pre-petition Child Support Arrearages.

In determining the pre-petition arrearages, the trial court first gave Former Husband full credit for all child support payments that he paid directly to Former Wife.[4] The parties also agreed and the court thereafter found that Former Husband had paid his child support in full from 2003, when the marriage was dissolved, through May 1, 2011. The court then found that during the relevant period, from June 1, 2011, until the filing of his supplemental petition, Former Husband had reduced his monthly child support payment from $1000 to $333.33, "with no written agreement between the parties to change the amount of child support,[5] resulting in an arrearage of $15,000.07."

While it is correct that the parties did not execute a post-judgment, subsequent written agreement to modify child support, we nevertheless find that under the specific circumstances of this case, the court erred in failing to recognize and enforce the parties' separate post-judgment oral agreement to reduce Former Husband's monthly child support obligation. Admittedly, the parties had provided in their MSA that Former Husband's child support payment was to be adjusted as each child became emancipated in accordance with Florida's child support guideline statute, section § 61.30. However, at

---

[4] The parties' MSA provided that Former Husband's monthly child support payments were to be paid through the State of Florida Disbursement Unit, which would then issue a check to Former Wife. However, the parties later orally agreed that Former Husband would pay his child support payments directly to Former Wife.

[5] The MSA also contained a provision that any modification in any part of the agreement was only effective if made in writing and executed with the same formality as the MSA.

trial, *both* parties testified that they later reached a separate oral agreement where, upon each of the three children reaching the age of majority, Former Husband's monthly child support payment would be proportionately reduced by one-third. Additionally, and significantly, during the lengthy period of time that the parties operated under their oral agreement and Former Husband paid reduced support payments consistent with their agreement, Former Husband separately paid $27,000 in private school tuition for the benefit of the parties' two then-minor children, which he was not otherwise obligated to do.[6] Former Wife also testified at trial that the children's necessities were being met during this time and that the standard of living previously enjoyed by the children during the marriage was not affected.[7] Finally, at no time prior to Former Husband filing his supplemental petition did Former Wife apparently ever object to Former Husband's proportionate reduction to his court-ordered child support payments or otherwise seek relief from the court regarding the same.

It is a well-established principle that parents cannot contract away their child's right to support, nor can one parent waive the child's right by acquiescing in the other parent's non-payment. *Green v. Horne*, 421 So. 2d 788, 789 (Fla. 1st DCA 1982) (citations omitted). However, under some circumstances, parents can modify a court-ordered arrangement for child support provided that the child continues to receive a roughly

---

[6] In the MSA, the parties had agreed that, as additional child support, Former Husband would pay the tuition for the parties' oldest child to attend private school, which he did. There was no similar provision in the MSA for Former Husband to also pay the private school tuition for the other two children.

[7] We recognize and acknowledge that during this period of time, Former Wife was gainfully employed as a full-time teacher, and her salary unquestionably assisted in maintaining the children's standard of living.

equivalent amount and the best interests of the child are served. *Ervin v. Chason*, 750 So. 2d 148, 149 (Fla. 1st DCA 2000) (citing *Green*, 421 So. 2d at 789; *Lester v. Lester*, 736 So. 2d 1257 (Fla. 4th DCA 1999)). In the present case, both parties preferred that their children remain in private school, the Former Husband paid private school tuition for the benefit of the two youngest children in an amount that exceeded the amount of pre-petition arrearages, the children's necessities were met in a manner consistent with what they enjoyed during the parties' marriage, and the parties had indisputably agreed to the proportionate reduction in Former Husband's child support, which Former Husband relied upon, providing him with greater ability to pay the two youngest children's private school tuition. Under these specific facts, the trial court erred in requiring that Former Husband pay pre-petition child support arrearages.

Post-Petition Child Support Arrearages

We reach a different conclusion, however, as to the trial court's determination of post-petition arrearages. Former Husband specifically pleaded in his supplemental petition that the court should "modify the child support pursuant to the guidelines." We find no fault with the trial court doing exactly what Former Husband requested that it do and thereafter determining, based on this newly calculated monthly child support amount, whether an arrearage accrued. Furthermore, Former Husband raises no issue on appeal with the trial court's computation of the new monthly child support "guideline" figure, the total amount of child support determined by the court that he should have paid and did pay post-petition, the court's mathematical computation as to the amount of his post-petition arrearages, or that the arrearages were determined retroactive to the date the

petition for modification was filed.[8]  We thus find Former Husband's argument that the court erred in not enforcing the aforementioned oral agreement to be unpersuasive.

In sum, we affirm the trial court's denial of Former Husband's supplemental petition to modify alimony, the establishment of post-petition child support arrearages, and the manner of repayment for these arrearages.  We reverse the amended supplemental final judgment to the extent that it establishes pre-petition child support arrearages and remand with directions that the trial court strike this provision from the amended supplemental final judgment.

AFFIRMED in part; REVERSED in part; and REMANDED.

TORPY and COHEN, JJ., concur.

---

[8] Former Wife also asked for a determination of child support arrearages in her motion for contempt, which, as stated earlier, was filed shortly after Former Husband filed his supplemental petition.

10