FIFTH DISTRICT COURT OF APPEAL
STATE OF FLORIDA

_____

Case No. 5D2024-0992
LT Case No. 2020-DR-15615

_____

JEFFREY J. GILBERTS,

    Appellant,

    v.

DANIELLE MANDERINO-
GILBERTS,

    Appellee.

_____

On appeal from the Circuit Court for Brevard County.
Kathryn M. Speicher, Judge.

Nicholas A. Shannin and Carol B. Shannin, of Shannin Law Firm,
P.A., Orlando, for Appellant.

No Appearance for Appellee.

July 11, 2025

MACIVER, J.

    Jeffrey J. Gilberts ("Appellant") appeals the Amended Final
Judgment on Supplemental Petition for Modification of Final
Judgment entered March 14, 2024 (the "Amended Final
Judgment"). He claims the trial court erred when it ordered child
support in an amount inconsistent with both the parties' Marital
Settlement Agreement and Florida's child support guidelines. He
also argues that the trial court violated his due process rights
when it ordered an upward deviation that was not sought by

Appellee. Because we reverse on other grounds, we do not reach the due process issue.

## I.

Appellant and Danielle Manderino-Gilberts ("Appellee") were married for just over nineteen years and have four minor children together. The parties entered into a Marital Settlement Agreement which provided, *inter alia,* that Appellant would pay $3,000 per month in child support for the four children until the oldest child reached the age of majority. Appellant would then pay $2,000 per month until the youngest child reached majority, with no further step-down provisions.

Appellee filed a motion to set aside the Marital Settlement Agreement, which the lower court denied. The trial court found that Appellee had sufficient time to review and understand the documents and had opportunities to dispute or indicate an unwillingness to enter into the agreement at multiple points, across multiple days and to multiple persons, including the court and the clerk.

On the same day it entered the order denying Appellee's motion to set aside the Marital Settlement Agreement, the trial court entered the Amended Final Judgment containing child support amounts with an upward deviation that neither followed the statutory guidelines nor upheld the amounts agreed to by the parties. Specifically, the trial court awarded the guidelines amount of $3,132 in child support until the oldest child reached majority, then deviated from the guidelines and ordered Appellant to pay $3,000 until the remaining children reached majority (instead of stepping down to $2,767 then $2,196 when the second child reached majority and $1,420 when the third child reached majority). The trial court indicated that this was "based on the testimony taken in trial, including the parties' prior agreement that called for $3,000 per month in child support". However, the step-down agreed upon in the Marital Settlement Agreement was $2,000, not $3,000.

We agree with Appellant that this was error.

## II.

Florida courts will not rewrite the terms of a marital settlement agreement or any other contract in which the terms are clear and unambiguous. *Pack v. Wiechert*, 285 So. 3d 1031, 1033 (Fla. 1st DCA 2019). "When interpreting a Marital Settlement Agreement, 'the language itself is the best evidence of the parties' intent, and its plain meaning controls.'" *Walsh v. Walsh*, 262 So. 3d 212, 215 (Fla. 5th DCA 2018) (quoting *Crawford v. Barker*, 64 So. 3d 1246, 1255 (Fla. 2011)). When a contract, such as a marital settlement agreement, is clear and unambiguous, the parties are bound by the plain terms of their agreement. *Davis v. Davis*, 390 So. 3d 1251 (Fla. 5th DCA 2024). A child support obligation pursuant to a settlement agreement cannot be modified based solely on the finding that the husband was paying more than the guidelines amount, without showing unforeseen circumstances. *Simmons v. Simmons*, 922 So. 2d 373 (Fla. 4th DCA 2006). A trial court has the duty to determine the appropriateness of a child support provision within a settlement agreement and can adjust the amount based on the child's best interest and financial needs. *Huff v. Huff*, 556 So. 2d 537 (Fla. 4th DCA 1990). Therefore, unless there is a substantial change in circumstances or the agreement is found to be against the best interests of the child, it is generally reversible error for a court to order a different amount of child support than what was agreed upon by the parties in a marital settlement agreement.

Also, any deviation from the child support guidelines by more than five percent must be supported by specific written findings explaining why the guidelines amount would be unjust or inappropriate. *Cash v. Cash*, 122 So. 3d 430 (Fla. 2d DCA 2013); *Quinn v. Quinn*, 169 So. 3d 268 (Fla. 2d DCA 2015). The court must consider the statutory criteria, including the needs of the child, the financial status and ability of each parent, and any other relevant factors. *Finley v. Scott*, 707 So. 2d 1112 (Fla. 1998). Failure to provide specific findings explaining why ordering payment of the guidelines amount would be unjust or inappropriate can result in reversible error. *Lotz v. Lotz*, 686 So. 2d 704 (Fla. 2d DCA 1996); *see also Morrow v. Frommer*, 913 So. 2d 1195 (Fla. 4th DCA 2005).

3

## III.

The trial court impermissibly changed the amount of child support agreed upon by the parties in the Marital Settlement Agreement and deviated from the statutory guidelines without a written finding explaining why the guidelines amount "would be unjust or inappropriate," as required by the statute. We therefore reverse the Amended Final Judgment and remand for the trial court to either enter a written order that meets the statutory requirements, or for further proceedings.

REVERSED and REMANDED with instructions.

LAMBERT and KILBANE, JJ., concur.

———————————————

***Not final until disposition of any timely and authorized motion under Fla. R. App. P. 9.330 or 9.331.***

———————————————